# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:04CR529** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **SHANNON D. WEST,** | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received the Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No. 27).  *See* Order on Sentencing Schedule, ¶ 6.  The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 2005 WL 50108 (U.S. Jan. 12, 2005), the sentencing guidelines are advisory.

The plea agreement includes a provision pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) for a specific sentence of 41 months.  The PSR reflects a total offense level of 30 and placement in criminal history category V, resulting in a sentencing guideline range of 151-188 months.

The Defendant objects to several portions of the PSR, and also asks that the Court sentence the Defendant to 41 months pursuant to the plea agreement, allow credit for time served in this "case and relevant conduct, since December 7, 2003 until the date of sentence," designate the Nebraska State Penitentiary as the place where the Defendant shall serve his time, and run the sentence concurrent with the time being served on the Douglas County District Court probation revocation No. 156-771.

Barring unusual circumstances, the Court intends to uphold the plea agreement, that is, sentence the Defendant to a term of 41 months. The additional requests regarding the sentence to be imposed will be discussed at sentencing. Therefore, the Court's tentative findings are that the Defendant's objections to the PSR are denied as moot. Should the Court decide not to honor the plea agreement, the Defendant will have the opportunity to withdraw his plea and, if he decides to continue to sentencing, the Defendant's objections may be orally renewed and will be addressed by the Court.

IT IS ORDERED:

1. The Court intends, barring unusual circumstances, to uphold the Rule 11(c)(1)(C) plea agreement;

2. The Court's tentative findings are that the Defendant's Objections to the Presentence Investigation Report (Filing No. 27) are denied as moot;

3. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

4. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

5. Absent submission of the information required by paragraph 4 of this Order, my tentative findings may become final; and

6.	Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 26th day of May, 2005.

>BY THE COURT:
>
>s/Laurie Smith Camp
>United States District Judge